UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **API ENTERPRISE, INC.,** *ET AL.* | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-2477** |
| **M/V (PRIDE) LTD.,** *ET AL.* | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS ORDERED** that third party defendant Shovan Das' Rule 12(b)(5) Motion to Dismiss or, alternatively, to Quash Service (Document 31) is hereby **GRANTED,** and the attempted service of process on Das is quashed. Third party plaintiffs are given thirty (30) days to serve Das, which may be effected by serving his counsel of record.[1]

Federal Rule of Civil Procedure 12(b)(5) allows a challenge to insufficient service of process. The record does not conclusively demonstrate that service was properly effected on Das. Although a return of service form indicates that domiciliary service was made on Das' wife on July 20, 2005, Das' wife denies receiving service, and it is possible service was actually made

---

[1] *See* Document 31 at p. 3, n. 1.

1

on Das' minor daughter.  Additionally, there is no evidence in the record supporting third party plaintiff's contention that Das was personally served on November 30, 2005.

Under Rule 12(b)(5), the court has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant."  5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* §1354, at 288 (1990).  Generally, dismissal is inappropriate if there is a reasonable prospect that service may yet be obtained.  *See Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959); *Federal Practice and Procedure* § 1354, at 289.  Because there is a reasonable prospect that service may be made on Das, the court finds that dismissal is inappropriate.

New Orleans, Louisiana this  3rd  day of April, 2006.

_____
**Mary Ann Vial Lemmon
United States District Judge**